IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| GREGORY J. TURLEY, <br> No. N08083, <br><br> Plaintiff, <br><br> vs. <br><br> NATHANIEL MAUE, <br> LUCAS MAUE, <br> CHAD TODARO, <br> TRACY LEE, <br> LORI OAKLEY, and <br> KIMBERLY BUTLER, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No. 15-cv-01028-MJR <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## MEMORANDUM AND ORDER

**REAGAN, Chief District Judge:**

Plaintiff Gregory J. Turley is an inmate currently housed in Menard Correctional Center.  Pursuant to 42 U.S.C. § 1983, Plaintiff brings this action for deprivations of his constitutional rights with respect to an alleged retaliatory assault and subsequent efforts to stymie his efforts to seek redress of his grievances.

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A.  The Court is required to dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief.  28 U.S.C. § 1915A(b).

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## The Complaint

According to the complaint, in March 2015 Plaintiff Turley went to trial against C/O Chad Todaro and C/O Lucas Maue. One week later, Lucas Maue's brother, C/O Nathaniel Maue, in conspiracy with Todaro and Lucas Maue, assaulted Plaintiff in retaliation for the law suit. More specifically, it is alleged that Nathaniel Maue, without cause, singled Plaintiff out and of a lunchtime crowd to aggressively frisk him, and then kneed him and punched him in the testicles. After the incident, Plaintiff saw Nathaniel Maue look over to Lucas Maue and Chad Todaro and give a "thumbs up" signal, which was returned by Todaro.

Plaintiff subsequently sent Warden Kimberly Butler an emergency grievance regarding the incident. Internal Affairs Officer Lt. Tracy Lee questioned Plaintiff and other inmates about the assault, but no action was ever taken. Rather, when Plaintiff

wrote to Grievance Officer Lori Oakley, she told Plaintiff that she had no record of the emergency grievance. Plaintiff then wrote to Lt. Lee, but never received a reply. In response to a second inquiry, Oakley revealed that Lt. Lee did not have a copy of the emergency grievance. Plaintiff began the grievance process anew, only to be told by Oakley that the grievance was untimely. Plaintiff asserts that Butler, Lee and Oakley conspired to cover-up employee misconduct, retaliate against him, and intentionally tried to impede Plaintiff's ability to seek redress.

Plaintiff seeks nominal and punitive damages, as well as "immediate" injunctive relief[1] in the form of an order (1) barring Nathaniel Maue, Lucas Maue and Chad Todaro from Menard Correctional Center, and (2) requiring production of the complete IDOC investigative report so the Court can determine if other protective action is warranted.

Based on the allegations in the complaint, the Court finds it convenient to divide the *pro se* action into the following counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion as to their merit.

> **Count 1: Defendants Nathaniel Maue, Lucas Maue and Chad Todaro, individually or in conspiracy, retaliated against Plaintiff in violation of the First Amendment;[2] and**

---

[1] Plaintiff uses the term "immediate," but further notes that he means "upon review by this Court during § 1983 PLRA screening" (Doc. 1, p. 10).

[2] No Eighth Amendment claim was specifically asserted by Plaintiff or recognized by the Court (in that the physical contact appears *de minimis*). Any intended claim should be considered dismissed without prejudice.

**Count 2: Defendants Tracy Lee, Lori Oakley and Kimberly Butler, individually or in conspiracy, retaliated against Plaintiff and attempted to impede his ability to seek redress, in violation of the First Amendment.**

### Discussion

To state a retaliation claim, an inmate must identify the reasons for the retaliation, as well as "the act or acts claimed to have constituted retaliation," so as to put those charged with the retaliation on notice of the claim(s). *Higgs v. Carver*, 286 F.3d 437, 439 (7th Cir. 2002). The plaintiff must have engaged in some protected First Amendment activity (for example, filing a grievance or otherwise complaining about conditions of confinement), experienced an adverse action that would likely deter such protected activity in the future, and must allege that the protected activity was "at least a motivating factor" in the Defendants' decision to take the retaliatory action. *Bridges v. Gilbert*, 557 F.3d 541, 552 (7th Cir. 2009). An inmate need not plead facts to establish the claim beyond doubt, but need only provide the bare essentials of the claim, and in a claim for retaliation the reason for the retaliation and the acts taken in an effort to retaliate suffice. *Higgs*, 286 F.3d at 439.

Relative to the conspiracy allegations, claims of conspiracy necessarily require a certain amount of factual underpinning to survive preliminary review. *See Woodruff v. Mason*, 542 F.3d 545, 551 (7th Cir. 2008) (quoting *Massey v. Johnson*, 457 F.3d 711, 716 (7th Cir. 2006)). Ultimately, "to establish the existence of a conspiracy, a plaintiff must demonstrate that the conspirators have an agreement to inflict injury or harm upon

him." *Sow v. Fortville Police Dept.*, 636 F.3d 293, 304–05 (7th Cir. 2011). "The agreement may be inferred from circumstantial evidence, but only if there is sufficient evidence that would permit a reasonable jury to conclude that a meeting of the minds had occurred and that the parties had an understanding to achieve the conspiracy's objectives." *Id.* at 305 (quoting *Hernandez v. Joliet Police Dept.*, 197 F.3d 256, 263 (7th Cir.1999)).

### Count 1

Count 1 states a colorable First Amendment retaliation claim against Nathaniel Maue, Lucas Maue and Chad Todaro. One could infer from the timing of what appears to be an unwarranted assault, and the hand signals, that the three officers conspired to exact a bit of rough justice for Plaintiff's lawsuit. Count 1 shall proceed.

### Count 2

Count 2, as pleaded, fails to state any constitutional claim against Defendants Tracy Lee, Lori Oakley and Kimberly Butler.

Relative to the allegations that Plaintiff's grievances were not answered and lost, prison grievance procedures are not mandated by the First Amendment. *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011). Furthermore, the prison's administrative grievance process does not create an interest protected by the Fourteenth Amendment's Due Process Clause, so the alleged mishandling of his grievances by persons who otherwise did not cause or participate in the underlying conduct (the retaliatory assault) states no claim. There are no allegations that Lee, Oakley and Butler acted in conspiracy with the correctional officers who assaulted Plaintiff; rather, it is only

asserted that they conspired with each other to cover-up employee misconduct and to impede Plaintiff's attempts to seek redress (*see* Doc. 1, pp. 8-9).

The bald assertion of a conspiracy between Lee, Oakley and Butler to impede Plaintiff's efforts to pursue his administrative grievances is undercut by the fact that Butler passed the emergency grievance on to Lee for investigation, which Lee performed. Furthermore, the suggestion that Lee, Oakley and Butler may have been attempting to impede a new lawsuit by interfering with Plaintiff's attempts to exhaust administrative grievances does not state a First Amendment claim. The exhaustion of "available" administrative remedies is required before a prisoner may file suit. 42 U.S.C. § 1997e(a). If the administrative grievance process is rendered unavailable by prison officials, as Plaintiff appears to be alleging, the exhaustion requirement is satisfied and there is no impediment to filing suit. *See Thomas v. Reese*, 787 F.3d 845, 847 (7th Cir. 2015).

Count 2 fails to state a claim and will be dismissed without prejudice. Accordingly, Defendants Lee, Oakley and Butler will be dismissed without prejudice.

### Immediate Injunctive Relief

The complaint seeks "immediate" injunctive relief, which the Court construes as a motion. Whether Plaintiff is requesting a temporary restraining order or a preliminary injunction is not clear. In any event the motion is denied for the following reasons.

A temporary restraining order ("TRO") is an order issued without notice to the party to be enjoined that may last no more than 14 days. FED.R.CIV.P. 65(b)(2). A TRO

may issue without notice only if "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." FED.R.CIV.P. 65(b)(1)(A). Such injunctive relief is also warranted "to prevent a substantial risk of serious injury from ripening into actual harm." *Farmer v. Brennan*, 511 U.S. 825, 845 (1994).

A preliminary injunction, unlike a TRO under Rule 65(b), is issued only after the adverse party is given notice and an opportunity to oppose the motion. FED.R.CIV.P. 65(a)(1). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008) (citations omitted).

Regardless of whether Plaintiff intended to seek a TRO, preliminary injunction, or both, there is no present risk of serious injury, nor is there a substantial risk of serious injury in the immediate or foreseeable future. Although the complaint states that on August 8 Lucas Maue verbally threatened Plaintiff, there is no indication of the nature of the threat. That vague allegation is insufficient to warrant injunctive relief. Similarly, Plaintiff offers nothing more than a bare assertion that injunctive relief is necessary to prevent Defendants from being in Menard where they would be near Plaintiff and his witnesses. The Court will not, as Plaintiff suggests, obtain the investigatory file when Plaintiff has not offered any reasonable basis for injunctive relief.

Plaintiff's motion for injunctive relief will be denied without prejudice. Because there is no other request for injunctive relief (see Doc. 1, p. 11), there is no basis for suing Defendants in their official capacities. Count 1, therefore, will proceed against Nathaniel Maue, Lucas Maue and Chad Todaro only in their individual capacities, for monetary relief.

### Disposition

**IT IS HEREBY ORDERED** that, for the reasons stated, **COUNT 2** and Defendants **TRACY LEE, LORI OAKLEY and KIMBERLY BUTLER** are **DISMISSED without prejudice**.

**IT IS FURTHER ORDERED** that **COUNT 1** shall **PROCEED** against Defendants **NATHANIEL MAUE, LUCAS MAUE and CHAD TODARO** only in their individual capacities for monetary relief. All official capacity claims are **DISMISSED without prejudice**.

**IT IS FURTHER ORDERED** that Plaintiff's motion for injunctive relief is **DENIED without prejudice**.

The Clerk of Court shall prepare for Defendants **NATHANIEL MAUE, LUCAS MAUE and CHAD TODARO**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff.

If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take

appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk.  Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court.  Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel.  Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to **United States Magistrate Judge Stephen C. Williams** for further pre-trial proceedings.

Further, this entire matter shall be **REFERRED** to a United States Magistrate for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent*

*to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* may have been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against Plaintiff and remit the balance to Plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

    **IT IS SO ORDERED.**

    DATED: October 16, 2015

    s/ *Michael J. Reagan*
    **MICHAEL J. REAGAN**
    **CHIEF JUDGE**
    **UNITED STATES DISTRICT COURT**